UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE ARRINGTON,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>*Defendant.* | Civil Action No. 22-0928 (JEB) |

## ANSWER

Defendant the United States Department of Defense ("DoD" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff Katherine Arrington.[1]  Defendant expressly denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer.  Defendant responds to the Complaint in like numbered paragraphs as follows:

### COMPLAINT[2]

Defendant admits that Plaintiff purports to bring this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. §552(a).  The remainder of

---

[1]   To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; Defendant's references, however, are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

[2]   Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

this unnumbered paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required.

## JURISDICTION

1. Paragraph 1 consists of conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits that this Court has subject matter jurisdiction over proper FOIA actions subject to FOIA's terms and limitations and personal jurisdiction over Defendant subject to 28 U.S.C. § 1331.

## VENUE

2. Paragraph 2 consists of conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this judicial district.

## PARTIES

3. Paragraph 3 contains Plaintiff's characterization of itself, to which no response is required. To the extent that a response is required, Defendant avers that it lacks sufficient knowledge and information to either admit or deny the allegations contained in this paragraph.

4. Defendant admits that the U.S. Department of Defense is a government agency within the meaning of the FOIA. Defendant avers that it lacks sufficient knowledge at the present time—while searches remain ongoing—to admit or deny whether it has possession, custody, and control of certain records sought by Plaintiff. Defendant admits that the National Security Agency ("NSA"), the Department of Defense's Office of Inspector General ("OIG"), the Defense Counterintelligence and Security Agency ("DCSA"), the Consolidated Adjudications Facility ("CAF"), and the Department of the Air Force's Office of Special Investigations ("AFOSI") are components of DoD for purposes of FOIA-related litigation.

**FACTS**

5. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

6. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

7. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

8. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is required, Defendant denies the allegations in this paragraph.

9. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

10. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

11. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

12. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

13. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

14. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

15. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

16. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

17. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

18. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

19. Defendant admits that Plaintiff initiated a prior lawsuit against DoD with the case caption *Arrington v. Dep't of Defense,* et al., Civ. A. No. 21-2669 (JEB) (D.D.C.), and that this lawsuit resulted in a settlement and dismissal effective January 29, 2022. Defendant denies the allegation that "nothing within that lawsuit impacts the [FOIA] requests at issue in this matter." As addressed *infra*, Defendant avers that Plaintiff released all claims based on the FOIA requests at issue in this litigation submitted prior to January 29, 2022, in the settlement agreement related to Civ. A. No. 21-2669.

20. The allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

**COUNT ONE**

21. Defendant hereby incorporates by reference its responses to Paragraphs 5-20, above.

22. Defendant admits the allegations in paragraph 22 and respectfully refers the Court to Plaintiff's referenced FOIA/PA request for a full and accurate statement of its contents.

23. Defendant admits the allegations in paragraph 23 and avers that on July 1, 2021, DoD sent Plaintiff an interim response letter concerning FOIA/PA 21-F-1217. Defendant respectfully refers the Court to Plaintiff's referenced FOIA/PA request and DoD's interim response letter for a full and accurate statement of their contents.

24.     Defendant admits the allegations in paragraph 24 and respectfully refers the Court to Plaintiff's referenced FOIA/PA requests and DCSA's consolidated final response concerning FOIA/PA 21-FP-1008 for a full and accurate statement of their contents.

25.     Defendant admits the allegations in paragraph 25 and respectfully refers the Court to Plaintiff's referenced FOIA/PA request for a full and accurate statement of its contents. Defendant further avers that on September 17, 2021, an email was sent to Plaintiff acknowledging receipt of FOIA request DODOIG-2021-001420.

26.     Defendant admits the allegations in paragraph 26 and further avers that Plaintiff's FOIA/PA request was assigned internal tracking number 22-FP-0041, and on November 23, 2021, DoD sent Plaintiff an interim response letter concerning 22-FP-0041.  Defendant respectfully refers the Court to Plaintiff's referenced FOIA/PA request and DoD's interim response letter for a full and accurate statement of their contents.

27.     Defendant admits the allegations in paragraph 27 and further avers that Plaintiff's FOIA/PA request was assigned internal tracking number 22-FP-0125, and on March 2, 2022, DoD sent Plaintiff an interim response letter concerning 22-FP-0125.  Defendant respectfully refers the Court to Plaintiff's referenced FOIA/PA request and DoD's interim response letter for a full and accurate statement of their contents.

28.     Defendant denies the allegations in paragraph 28. Defendant avers that on November 22, 2021, DCSA referred to the AFOSI three pages of records from DCSA-M 21-FP-1008 for equity review and direct response to the Plaintiff.  AFOSI assigned the referral tracking number 2022-00942-F.  On March 9, 2022, AFOSI sent a final response letter to Plaintiff.  That same day Plaintiff notified AFOSI via email her intent to lodge an administrative appeal

concerning the adequacy of AFOSI's search;[3] such an appeal, however, should have been lodged with DCSA, not AFOSI.

29.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 29.

## REQUESTED RELIEF

The remaining paragraphs set forth Plaintiff's prayer for relief to which no response is required, but insofar as a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

Certain of the information sought by Plaintiff is exempt from release under one or more exemptions of the FOIA, and certain other information sought by Plaintiff may not be released because foreseeable harm would result.

## SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## THIRD DEFENSE

The Court lacks jurisdiction to award relief that exceeds that authorized by the FOIA.

---

[3]     Because 2022-00942-F was received by AFOSI as a records referral, a search for records was never conducted by AFOSI.

7

**FOURTH DEFENSE**

Plaintiff's claims are limited to the FOIA request she submitted after January 29, 2022. Plaintiff released all claims based on the FOIA requests at issue in this litigation submitted prior to January 29, 2022, in a settlement agreement with Defendant.

Dated: May 12, 2022
Washington, DC

    Respectfully submitted,

    MATTHEW M. GRAVES, D.C. Bar #481052
    United States Attorney

    BRIAN P. HUDAK
    Chief, Civil Division

    By: */s/ Diana V. Valdivia*
        DIANA V. VALDIVIA, D.C. Bar #1006628
        Assistant United States Attorney
        Civil Division
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2545
        diana.valdivia@usdoj.gov

    *Attorneys for the United States of America*