UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE ARRINGTON,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>*Defendant*. | Civil Action No. 22-0928 (JEB) |

## JOINT STATUS REPORT

Pursuant to the Court's April 17, 2023, Minute Order, Plaintiff, Katherine Arrington, and Defendant, the United States Department of Defense ("DoD"), by and through undersigned counsel, hereby provide the Court with the following Joint Status Report in this Freedom of Information Act ("FOIA") and Privacy Act ("PA") litigation. In support of this report, the parties state as follows:

1. Plaintiff filed the original Complaint in this matter on April 5, 2022. ECF No. 1 ("Compl."). The original Complaint related to seven FOIA/PA requests: (1) a June 30, 2021, request submitted to the National Security Agency ("NSA") (*see* Compl. ¶ 22); (2) a June 30, 2021, request submitted to DoD (*see* Compl. ¶ 23); (3) a June 30, 2021, request submitted to the Defense Counterintelligence and Security Agency ("DCSA") (*see* Compl. ¶ 24); (4) a November 1, 2021, request submitted to DoD (*see* Compl. ¶ 24); (5) a September 15, 2021, request submitted to DoD's Office of Inspector General ("OIG") (*see* Compl. ¶ 25); (6) a November 22, 2021, request submitted to DoD (*see* Compl. ¶ 26); and (7) a March 1, 2022, request submitted to DoD (*see* Compl. ¶ 27). Generally speaking, all of the requests at issue in this litigation seek documents

regarding alleged security violations by Plaintiff and the status of Plaintiff's security clearance. *See* Compl. ¶¶ 22-27.

2. Defendant timely answered Plaintiff's original Complaint on May 12, 2022, ECF No. 7, and the parties filed three monthly joint status reports on June 1, July 1, and August 1, 2022. ECF Nos. 9-11.

3. On August 3, 2022, Plaintiff moved for leave to file an Amended Complaint, which added one additional FOIA request—a May 9, 2022, request submitted to the Department of the Air Force ("Air Force")—to the litigation. ECF No. 12 ("Am. Compl").

4. The Court granted Plaintiff's motion on August 4, 2022, and Defendant timely answered the Amended Complaint on August 18, 2022. ECF No. 13.

5. In Defendant's answer to the Amended Complaint, Defendant raised the defense that "Plaintiff's claims are limited to the FOIA request she submitted after January 29, 2022. Plaintiff released all claims based on the FOIA requests at issue in this litigation submitted prior to January 29, 2022, in a settlement agreement with Defendant." Am. Compl. at 8. Although Defendant has preserved this defense in its answers to both the original and amended Complaints, undersigned counsel for Defendant conveyed to Plaintiff's counsel via email on May 12, 2022, that the government does not intend to litigate the scope of the earlier settlement agreement at this time, but rather intends to proceed with a proposal to process and produce records in response to all of Plaintiff's FOIA/PA requests. As a result, the parties have not proposed a summary judgment briefing schedule and will defer doing so until the parties have met and conferred with respect to any issues Plaintiff identifies with respect to Defendant's productions.

6. Defendant's relevant components report as follows (with Plaintiff's comments where appropriate):

   a. **OIG** (as previously reported) made a final production of records to Plaintiff under a cover letter dated August 26, 2022. OIG's final production consisted of 4 pages of responsive records, two of which were released in full, and two of which were released in part, with certain information withheld pursuant to FOIA Exemptions 6 and 7(C). OIG's productions are complete.

   b. **DCSA** (as previously reported) made a supplemental and final production to Plaintiff on June 7, 2022. This supplemental production consisted of 280 pages of records, with certain information withheld pursuant to applicable exemptions. As also previously reported, Plaintiff intends to challenge the adequacy of DCSA's searches. Plaintiff conveyed its initial concerns to Defendant's counsel via email on January 10, 2023, acknowledging that some concerns may ultimately be addressed after review of a *Vaughn* index at the conclusion of the case. The parties will continue to meet and confer with respect to Plaintiff's expressed concerns with respect to the scope of the search once Defendant has provided a *Vaughn* index. DCSA's productions are complete.

   c. **DoD's Office of the Secretary ("OSD")** (as previously reported) completed its searches on July 29, 2022. OSD made its third and final production to Plaintiff under a cover letter dated January 27, 2023. OSD's

        final production consisted of 17 pages of responsive records, released in part with certain information withheld pursuant to FOIA Exemptions 3 and 6. In combination, OSD's productions total 389 responsive documents consisting of 1,121 pages of records. OSD's productions are complete.

    d.    **NSA** (as previously reported) initially identified over 500 potentially responsive documents. The parties meet and conferred by phone on January 20, 2023, regarding the scope of Plaintiff's request. During that call, Plaintiff and NSA agreed, in the interest of fulfilling Plaintiff's request sooner, to narrow the scope of Plaintiff's FOIA request to those records that relate to the security incident or NSA's response to it. As such, NSA ceased processing any records that do not relate to either the security incident or NSA's response to it, as those records were deemed non-responsive. Since the Parties' last joint status report, NSA made its fourth and final production of responsive, non-exempt records under cover letter dated May 12, 2023. NSA's productions are complete.

    e.    **Air Force** (as previously reported) sent a final production of records to Plaintiff under a cover letter dated August 4, 2022. Air Force's final production consisted of two pages of responsive records, released in part, with certain information withheld pursuant to FOIA Exemptions 6 and 7(C). Air Force's productions are complete.

7.    Defendant thus reports that its productions are complete.

8. Plaintiff reports that she is in the process of reviewing Defendant's productions. Once Plaintiff has completed her review, she anticipates providing Defendant's counsel with a list of any issues she has identified.

9. The parties plan to meet and confer once Plaintiff completes her review to discuss whether any issues remain in this litigation and, if so, to determine whether the parties can resolve or narrow the issues without further Court involvement.

10. The parties propose that they file their next joint status report in two weeks, on or before June 9, 2023, to update the Court on the status of the parties' discussions and to propose, if necessary, a summary judgment briefing schedule.

Dated: May 26, 2023     Respectfully submitted,

By: /s/ Mark S. Zaid
MARK S. ZAID, D.C. Bar #440532
BRADLEY P. MOSS, D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
T: (202) 454-2809
Mark@MarkZaid.com
Brad@MarkZaid.com

*Counsel for Plaintiff*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ Diana V. Valdivia
DIANA V. VALDIVIA, D.C. Bar #1006628
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-2545
diana.valdivia@usdoj.gov

*Counsel for Defendant*